# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARQUISE BYRD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR420-016-08 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Marquise Byrd moves to vacate and correct his conviction pursuant to 28 U.S.C. § 2255 on grounds related to his allegation that he was erroneously sentenced as a Career Offender given new Eleventh Circuit precedent. Doc. 1475 at 4-5, 14-16. Byrd pleaded guilty to conspiracy to possess with intent to distribute and to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). *See* doc. 1215 (Judgment). On December 8, 2021, the Court sentenced him to 151 months' imprisonment. Doc. 1215 at 1-2; *see also* doc. 1198. Byrd was sentenced as a Career Offender because of a prior conviction for an inchoate controlled substance offense. Doc. 1475 at 14. *See also* U.S.S.G. § 4B1.2 cmt. 1 (declaring that the phrase "controlled

substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses").

Byrd asserts two grounds for relief. Doc. 1475 at 4-6. First, he alleges his Career Offender sentence is erroneous. *Id.* at 4. Specifically, he alleges that recent Eleventh Circuit precedent requires he be resentenced without the career offender enhancements. *Id.* at 13-14 (citing *United States v. Dupree*, 57 F.4th 1269 (11th Cir. Jan. 18, 2023)). Second, he alleges that he received ineffective assistance of counsel because his appointed counsel did not attempt to make the arguments ultimately accepted by the Eleventh Circuit in *Dupree*. *Id.* at 5-6, 15-16.

As an initial matter, Byrd's motion should be **DISMISSED** for failure to timely comply with the Court's Order to correct a filing deficiency. *See* doc. 1476. Byrd submitted his § 2255 motion without a signature. Doc. 1475 at 12, 17. The Clerk of Court notified him of the filing deficiency and directed him to comply with Local Rule 11.1 by returning a signature within 14 days. Doc. 1476. Byrd's deadline to submit his completed signature page was September 26, 2023. *See generally* docket. On October 30, 2023, the Court received Byrd's signature. *See* doc. 1479. Under the prison mailbox rule, "a *pro se*

prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Prison logs and other records can contradict the signing date. *Id.*

Byrd does not indicate when he signed the signature page. *See generally* doc. 1479. Though the signature page is dated August 30, 2023, that date was included in the original, signatureless filing. *Compare* doc. 1475 at 17 *with* doc. 1479 at 1. A processing note from Byrd's place of confinement indicates that the letter containing the signature page was "processed" by prison officials on October 26, 2023–a full month after Byrd's deadline to comply with the Court's directive. Doc. 1479 at 2. Because the prison's processing note is the only evidence as to the timing of Byrd's compliance, the Court concludes that Byrd did not timely comply with the Court's Order to submit his signature by September 26, 2023.

Byrd was warned that failure to comply in a timely manner could result in a recommendation of dismissal. Doc. 1476. That is appropriate

here. The Court has authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Byrd's motion should thus be **DISMISSED** for failing to timely comply with the Court's Order.

Even assuming Byrd timely filed his signature page, Rule 4 of the Rules Governing Section 2255 Proceedings states that "[i]f it plainly appears from the motion [. . .] that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having carefully reviewed Byrd's motion pursuant to Rule 4, the Court **RECOMMENDS** that the motion be **DENIED** as untimely under 28 U.S.C. § 2255(f). Doc. 1475.

Motions to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 must be filed within one year of the latest of any of the following events:

> (1) the date on which the judgment of conviction becomes final;
> 
> (2) the date on which the impediment to making a

> motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Barring extraordinary circumstances, any § 2255 motion not filed within a year of one of the above triggering events must be dismissed as untimely. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (defining § 2255's filing deadline as a "garden-variety statute of limitations" and allowing equitable tolling in "extraordinary circumstances"). Byrd's motion is untimely because it was not filed within a year of any of the events outlined in § 2255(f).

Byrd did not file a direct appeal. Doc. 1475 at 2; *see generally* docket. His judgment of conviction became final on January 3, 2022.[1]

---

[1] The Judgment was docketed on December 17, 2021. Doc. 1215. The fourteen-day

*See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (concluding "that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendants to file a notice of appeal within fourteen days of the entry of judgment). The one-year period ran out, therefore, on January 3, 2023. As discussed above, construing the date on the unsigned motion as the filing date, Byrd filed this § 2255 motion on August 31, 2023. Doc. 1475 at 17. His motion is, therefore, untimely by eight months.

Nevertheless, Byrd asserts that his motion is timely. Doc. 1475 at 11. Though Byrd does not explicitly state which § 2255(f) provision applies to his motion, charitably construed, it appears he is attempting to proceed under § 2255(f)(3), as he argues that his sentence should be vacated based on a recent change in the law. *Id.* at 13-14. Earlier this year, in *United States v. Dupree*, the Eleventh Circuit held "that the definition of 'controlled substance offense' in § 4B1.2(b) does not include

---

deadline ran, therefore, on December 31, 2021, a Federal holiday. By operation of rule, the deadline ran on January 3, 2022. *See* Fed. R. App. P. 26(a)(1)(C) ("[I]f the last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

inchoate offenses." 57 F.4th at 1271. At sentencing, Byrd was labeled a Career Offender because of a prior inchoate offense. Doc. 1475 at 14. Byrd urges this Court to re-sentence him without the career offender enhancement under the new precedent set forth in *Dupree*. *Id.* at 13-14.

But a change in Eleventh Circuit precedent cannot make an untimely § 2255 motion timely. Section 2255(f)(3) gives petitioners one year to move to vacate or correct their sentences when *the Supreme Court* recognizes the right asserted. The Supreme Court has said that § 2255(f)(3)

> unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: "the date on which the right asserted was initially recognized *by the Supreme Court*." … What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized *by this Court*."

*Dodd v. United States*, 545 U.S. 353, 357 (2005) (emphasis added). Circuit court decisions are not triggering events under § 2255(f). *See E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); *McCloud v. United States*, 987 F.3d 261, 264-65 (2d Cir.

2021) (holding that lower court decisions do not trigger § 2255(f)(3)). The Supreme Court has not held that inchoate offenses are not prior controlled substance offenses for the purpose of determining career offender status at sentencing. Byrd cannot proceed under § 2255(f)(3).

None of the other provisions in § 2255(f) are applicable to Byrd. Byrd is not proceeding under § 2255(f)(2) or § 2255(f)(4); he does not allege that unlawful government action prevented him from making his § 2255 petition sooner and he does not base his petition on the discovery of new facts.[2] He is time-barred from proceeding under § 2255(f)(1). As previously stated, Byrd's judgment of conviction became final on January 3, 2022—more than one year before his motion was filed.

Furthermore, Byrd has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. *See Outler v. United States*, 484 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his

---

[2] Byrd's motion is based solely on a change in Eleventh Circuit precedent. A change in law does not constitute a change in fact under § 2255(f)(4). *See Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) (holding that new Eleventh Circuit precedent was "not a new fact for the purposes of timeliness under § 2255(f)(4)" or for the purposes of equitable tolling).

control and unavoidable even with diligence.") (internal quotations omitted). Byrd bears the burden of establishing "(1) extraordinary circumstances and (2) due diligence" to justify tolling § 2255's one-year statute of limitations. *Id.* He has not made this showing. In fact, Byrd does not even ask that the statute of limitations be tolled—he mistakenly claims his motion is timely. Doc. 1475 at 11. He is, therefore, not entitled to equitable tolling.

Accordingly, Byrd's § 2255 motion should be **DISMISSED** as untimely.[3] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

---

[3] The companion civil case, CV423-252, should be **CLOSED**.

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 31st day of October, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA